FILED

OCT 21 2005

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 97-0304 (TFH) |
| | ) Civ. No. 00-0942 |
| ROBERT THOMAS, | ) |
|   a.k.a. Robert Thomas King, | ) |
|   a.k.a. New York Rob, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Pending before the Court is Defendant Robert Thomas' Request for Certificate of Appealability [# 81]. After careful consideration of the record, the Court will deny the motion.

I. BACKGROUND

Thomas asks the Court to grant a certificate of appealability ("COA") as to the Court's Memorandum Opinion [# 78] and accompanying Order [# 77] dated March 25, 2005. In that ruling, the Court denied four motions filed by Thomas: a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [# 72], a motion for reconsideration based on Rule 60(b)(6) of the Federal Rules of Civil Procedure [# 74], and two separate motions for modification of sentence pursuant to 28 U.S.C. § 3582(c)(2) [# 75, 76].

II. DISCUSSION

A certificate of appealability is required before an appeal may be taken from the final order in motion under § 2255. 28 U.S.C. § 2253(c)(1). The Court may only issue a COA if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell,



537 U.S. 322, 336 (2003). Where the movant's claims were rejected solely on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable that the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings).

Thomas' four motions are all derived from his argument that his sentence was invalidated by United States v. Booker, 125 S. Ct. 738 (2005). The first motion is a successive § 2255 motion. The Court held that it did not have jurisdiction to consider such a motion without certification from the Court of Appeals. See 28 U.S.C. § 2255. As Thomas lacked such certification, no jurist of reason could find the issue of jurisdiction debatable. Therefore, a COA is denied as to the Court's ruling on Thomas' § 2255 motion.

A COA is also denied as to the Court's ruling on Thomas' motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure. In that ruling, the Court refused to reconsider its denial of Thomas' initial § 2255 motion, and its denial of a COA with regard to that motion, because Thomas failed to make any showing that his situation was "extraordinary" as required for relief. See Ackermann v. United States, 340 U.S. 193, 202 (1950). Here, the issue Thomas seeks to appeal deals not with a constitutional right, but with the Court's application of Rule 60(b)(6). Accordingly, the Court will deny Thomas' request for a COA on this issue. See United States v. Vargas, 393 F.3d 172, 175 (D.C. Cir. 2004).

The third ruling for which Thomas seeks a COA, denied his first motion under 28 U.S.C. § 3582(c)(2), in which Thomas argued that his sentence should be reduced as the result of an

amendment to the United States Sentencing Guidelines. Because the guideline range applicable to Mr. Thomas was not lowered as a result of the amendment on which he relied, the Court ruled that it lacked authority to modify Mr. Thomas' sentence. The Court did not recharacterize Thomas' motion as one under § 2255, but rather applied § 3582. Therefore, a COA is denied as unnecessary.

Finally, Thomas' fourth motion, while styled as one under 28 U.S.C. § 3582(c)(2), was recharacterized as a successive § 2255 motion, because it asked the Court to modify Thomas' sentence on the basis of the Booker decision. As stated earlier, no reasonable jurist could find that this Court had jurisdiction to entertain such a motion absent certification from the Court of Appeals. The motion for a COA is also denied as to this portion of the Court's ruling.

### III. CONCLUSION

For the reasons stated above, the Court will deny Mr. Thomas' Request for Certificate of Appealability as to all of the issues ruled upon by the Court's Memorandum Opinion and Order dated March 25, 2005. An appropriate order will accompany this Memorandum Opinion.

October 21, 2005

/s/
Thomas F. Hogan
Chief Judge

Copies to:

Robert Thomas
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

AUSA Robert D. Okun
United States Attorney's Office
555 Fourth St., N.W.
Washington, D.C. 20530

-4-